[Crim. No. 13740. Third Dist. Sept. 20, 1985.]

In re MAXIMILLION EDDIE VARGAS on Habeas Corpus.

COUNSEL

John K. Van de Kamp, Attorney General, W. Scott Thorpe, Joel Carey and Esteban Hernandez, Deputy Attorneys General, for Appellant.

Michael Satris and Donald Specter for Respondent.

OPINION

**CARR, J.—**  In this appeal we consider whether a prisoner is entitled to one-for-one worktime credits pursuant to Penal Code section 2933[1] for volunteer work performed at a reception center prior to his permanent prison placement.

The pertinent provisions of section 2933 are: "(a) It is the intent of the Legislature that persons convicted of crime and sentenced to state prison, under Section 1170, serve the entire sentence imposed by the court, except for a reduction in the time served in the custody of the Director of Correc-

---

[1] All further statutory references are to the Penal Code unless otherwise noted.

tions for performance in work, training or education programs established by the Director of Corrections. Worktime credits shall apply for performance in work assignments and performance in elementary, high school, or vocational education programs. . . . For every six months of full-time performance in a credit qualifying program, as designated by the director, a prisoner shall be awarded worktime credit reductions from his term of confinement of six months. A lesser amount of credit based on his ratio shall be awarded for any lesser period of continuous performance. Less than maximum credit should be awarded pursuant to regulations adopted by the director for prisoners not assigned to a full-time credit qualifying program. . . .''

### FACTUAL AND PROCEDURAL BACKGROUND

In August 1983, defendant was sentenced to a two-year prison term for second degree burglary (§ 459) and auto theft (Veh. Code, § 10851). Before arriving at his permanent placement at the California Correctional Center at Susanville, he spent approximately six weeks at the Northern California Reception Center at Vacaville.

While at Vacaville, defendant received orientation materials concerning the work incentive program outlined in section 2933. Defendant volunteered to work in the kitchen at Vacaville and made an oral request for worktime credits the day he began working, August 12, 1983. He received no response, and filed a written informal appeal on September 6, 1983, which was denied and appealed to the first review level the same day. The appeal was denied on September 20, 1983, with the comment, "As a Reception Center inmate, you are classified as involuntarily unassigned and although you may volunteer to work, you are ineligible for credits at the 'one-for-one' rate. You do receive one additional day credit for each two days served. (Classification Manual Section 310[.])" Defendant was transferred to Susanville and did not receive notice of the denial of his appeal for several months.

Defendant filed a time-credit waiver (§ 2934)[2] on October 6, 1983 and began his work assignment on October 19, 1983. His earliest possible release date was computed to be June 28, 1984.

---

[2]The worktime credit provisions established in section 2933 took effect January 1, 1983. (Stats. 1982, ch. 1234.) The offenses for which defendant was convicted occurred in 1982. In order to receive credits under the more liberal worktime provisions, rather than the good behavior and participation credits of section 2931, defendant was required to execute a written waiver of his right to credits under section 2931. (§ 2934.)

Defendant attempted to follow up on the denial of worktime credits for his kitchen job in Vacaville but was unsuccessful. He filed a petition for habeas corpus with the Lassen County Superior Court in March 1984.

During the hearing on May 21, 1984, defendant asserted he should receive one-for-one worktime credits as of the first day he requested them, i.e., August 12, 1983. The district attorney expressed two concerns: first, that defendant had not exhausted his administrative remedies in that his request was never taken to the second-level review stage, and second, that worktime credits should not be awarded based on an *oral* waiver of section 2931 credits.

The court found defendant's petition to be properly before the court and ordered his release date recomputed with an effective waiver date of September 6, 1983, the first time defendant made a written request for worktime credits. Other than noting defendant worked in the kitchen and received commendations from his supervisor, there was no discussion of whether defendant's work at Vacaville qualified for worktime credits.

On May 31, 1984, the trial court issued an order to show cause why defendant had not been released. A hearing was held on June 4, at which time the recomputation of credits was discussed. The Attorney General for the first time clearly argued that worktime credits were not applicable to volunteer work at reception centers, but were available only when a prisoner reached a final placement site. The court affirmed its order granting one-for-one worktime credits, to be computed as of September 6, 1983.[3]

---

[3]In reaching this decision, the trial court was apparently influenced by the fact that CDC had recently erred in computing the credits for a child molester, that he, Judge Harvey, had sentenced to a five-year term. According to Judge Harvey, CDC gave that prisoner worktime credits while in the reception center. After the Attorney General argued that one-for-one credits were unavailable to reception center prisoners and that defendant was entitled only to one-third off, the following discussion took place:

"The Court: Here is my feeling, if I were not aware that this child molester that got out last week hadn't received one for one credit from the time he got in the Department of Corrections, I think I might be inclined to agree with you. But he got one for one credit and—gosh, he got actually three for one. He did twenty percent of the time I sentenced him to, and they turned him loose. And he got one for one credit from the time he arrived at the Department of Corrections. . . .

"Mr. Marshall [Attorney General]: If your child molesting inmate got one for one the entire time he was in the Reception Center—

"The Court: He did.

"Mr. Marshall: Then the Department of Corrections made a mistake.

"The Court: Boy, they sure did.

"Mr. Marshall: If we made a mistake on that inmate, I don't think that is any basis for continuing that mistake.

"The Court: I am concerned with Mr. Vargas who has been working so well, getting promoted before he even gets out of the guidance center, and he gets excellent commendations from everybody who has worked with him. We are going to hang onto him longer

Defendant was released on June 19, 1984, nine days earlier than he would otherwise have been paroled.

The People appeal, contending defendant's voluntary work at the Reception Center does not qualify for worktime credits.[4]

DISCUSSION

Section 2933 provides that "[w]orktime credit is a privilege, not a right" (subd. (b)), and specifies that credits are available only for work performed in a "credit qualifying program, as designated by the director." (Subd. (a).)

At oral argument, it was ascertained that the actual regulations and the California Department of Corrections Classification Manual were not put in evidence in the lower court and were not part of the record. The People represented that such regulations had been promulgated by the director defining or designating such one-for-one credit qualifying programs.

The court requested that the record be augmented by such regulations and classification manual. These have been submitted to the court and served on defendant, who, apparently by reason of his parole, has made no appearance herein. The court, pursuant to Evidence Code section 452 takes judicial notice of chapter 300 of the Department of Corrections classification manual. The remaining regulations submitted by the People are contained in the California Administrative Code, title 15, section 3040 et seq. The People suggest that by reading the regulations and underlying policy as a whole, one can distill qualifying work, education or vocational assignments from those that are nonqualifying.

We find no specific regulation which sets forth how a work program becomes "credit-qualifying" under section 2933. However, it is unnecessary to dissect each statute and regulation as the controlling provisions for those inmates occupying defendant's status, that is sentenced on assignment to a reception orientation program, appear in title 15, California Administrative Code section 3043, subdivision (c)(4), which, under the title "Credit

---

because he wants to go to work? Gee, that is terrible. . . . [¶] In any event, I do not believe I ought to reconsider the order I made. I will order that the Department of Corrections calculate Mr. Vargas' release date as if his waiver was effective and he was working as of September 6, 1983. If this is an error on my part, it is no worse than the error the Department of Corrections made, and it is not binding on any other Superior Court, so I really think Mr. Vargas is entitled to it."

[4]Defendant's release does not render this appeal moot, as the termination date of defendant's parole period is affected by our decision. Moreover, because similar situations may recur, we exercise our discretion to resolve the issue presented. (*In re William M.* (1970) 3 Cal.3d 16, 23-25 [89 Cal.Rptr. 33, 473 P.2d 737].)

Earning . . . Work Time" provides "Three months of worktime credit shall be awarded for six months of performance in the following assignments: . . . [¶] (C) Unassigned . . . due to assignment to a reception/orientation program . . . ."

Sections 310, subdivision (h) and 310, subdivision (c)(3) of the Department of Corrections classification manual set forth the same provisions as regulations but with greater specificity. Section 310, subdivision (h) provides: "Process inmates in reception centers shall be designated as involuntarily unassigned until they complete processing. Inmates may volunteer to work in order to receive available privilege incentives. Process cases shall retain this designation until reviewed by receiving institutions at initial classification."

Section 310, subdivision (c)(3) states: "Involuntarily Unassigned: Reception center process cases . . . shall be placed in the appropriate work/training group consistent with their job or training assignment. *For each six months of assignment this category of* inmates shall be awarded three months credit or one day credit for each two days assigned. . . ." (Italics added.)

Defendant was categorized as involuntarily unassigned as he was being processed through the reception center for a permanent placement.

He received one-for-two credit for his voluntary work. He was not entitled to any greater credit.

### DISPOSITION

The order granting defendant's petition for writ of habeas corpus is reversed.

Blease, Acting P. J., and Sparks, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 18, 1985.